UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 05-80543-CIV-RYSKAMP/VITUNAC

TCC AIR SERVICES, INC., a Delaware
corporation; and BASIC SYSTEMS OF
DELAWARE, INC., a Delaware
corporation,

        Plaintiffs,

v.

RICHARD M. SCHLESINGER,

        Defendant.
_____/

**OMNIBUS ORDER DENYING DEFENDANT'S MOTION
FOR STAY AND PLAINTIFFS' MOTION TO COMPEL**

        THIS CAUSE comes before the Court upon Defendant's motion for stay of execution of final judgment **[DE 117]**, filed January 22, 2007. Plaintiffs responded **[DE 119]** on February 2, 2007. This cause also comes before the Court on Plaintiffs' motion to compel Defendant to release escrow money in Plaintiffs favor **[DE 119]** filed on February 2, 2007. The motions are now ripe for adjudication.

        Defendant requests that this Court stay the execution of the final judgment pending a ruling on Defendant's motion for attorney's fees and costs. He argues that since Plaintiffs are foreign corporations and their principal is a resident of another country, it is unlikely that Defendant will be able to collect any award on his motion, should he prevail.

        This Court has not received any notice of appeal nor has Defendant insinuated that he plans to appeal this case. Thus, Defendant simply requests a stay until his motion for attorney's fees is adjudicated. Under Rule 62 of the Federal Rules of Civil Procedure, this Court has discretion to order a stay upon the consideration of post-trial motions and can order a movant to post security

including the amount of judgment plus interest as well as costs and damages for the delay. Courts grant this type of relief sparingly. *U.S. v. State of Texas*, 523 F.Supp 703, 728-29 (E.D. Tex. 1981). "The Rules cannot guarantee payment of every federal judgment[, b]ut [must ] protect a judgment creditor's ability to execute on a judgment ..." *Peacock v. Thomas*, 516 U.S. 349, 359 (1996). Moreover, even if this Court were to grant Defendant's fees motion, a full stay would be inappropriate as the damages asserted in the fees motion are only a portion of the Plaintiffs' judgment.

In Plaintiffs' motion to compel, Plaintiffs explain that Insured Aircraft Title Service, Inc. holds $50,000.00 of Defendant's money in escrow, which can only be released upon Defendant's written notarized authorization. Plaintiff requests that this Court order Defendant to release the money in Plaintiffs' favor in partial satisfaction of the judgment entered in this case. Defendant notified Plaintiffs' counsel that he would not release the money pending judgment on his motion to stay the execution of judgment. Now that the motion to stay has been decided, the Court is confident that Defendant is ready to satisfy his judgment in this matter.

Based on the forgoing, this Court does not believe that staying the execution of the judgment nor compelling Defendant to release his money is escrow are appropriate. The Court has considered the motions and the pertinent portions of the record, and based on the foregoing reasons, it is hereby,

**ORDERED AND ADJUDGED** that Defendant's motion **[DE 117]** is **DENIED**. It is further ordered that Plaintiff's motion **[DE 119]** is **DENIED**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 5 day of February, 2007.

    /s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided:
Counsel of record