UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80543-CIV-RYSKAMP/VITUNAC

TCC AIR SERVICES, INC., a Delaware
corporation; and BASIC SYSTEMS OF
DELAWARE, INC., a Delaware
corporation,

        Plaintiffs,

v.

RICHARD M. SCHLESINGER,

        Defendant.
_____/

## OMNIBUS ORDER

THIS CAUSE comes before the Court upon defendant's motion for attorney's fees and costs **[DE 92, 93]** filed on January 5, 2007. Defendant thereafter filed the affidavit of attorney Timothy Schultz **[DE 106]** in support. Plaintiffs responded **[DE 118]** on January 29, 2007. Defendant replied **[DE 121]** on February 8, 2009.

Defendant filed his notice of appeal **[DE 123]** on February 9, 2007. Based on that notice, this Court held the case in abeyance **[DE 124]** until the exhaustion of all appeals. The Eleventh Circuit issued a mandate affirming this Court **[DE 139]** on June 23, 2008. This Court issued an order to show cause on February 17, 2009 **[DE 147]** requesting that defendant file an accounting of the hours each individual attorney and paraprofessional spent working on the case. Defendant responded **[DE 150]** on February 23, 2009.

Plaintiffs also filed their motion for costs pursuant to Federal Rule of Civil Procedure

54(d)(1), as the prevailing party **[DE 122]** on February 10, 2007.  This motion was also held in abeyance.  Defendant responded **[DE 149]** on February 20, 2009.  Plaintiffs replied **[DE 151]** on March 2, 2009.  As such, the motions are ready for consideration.

**Discussion**

In Count IV, plaintiffs alleged a violation of the Florida civil theft statute, § 772.11 which requires a plaintiff to show, by clear and convincing evidence, injury in violation of the Florida criminal theft statutes.  Fla. Stat. §722.11; *see also*, *Almeida v. Amazon.com, Inc.*, 456 F.3d 1316, 1326-27 (11th Cir. 2006).  Section 812.014(1) of the Florida statutes provides that:

> A person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently:
> (a) Deprive the other person of a right to the property or a benefit from the property.
> (b)  Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property.

As such, plaintiffs must show that the defendant knowingly used the planes with the felonious intent to deprive plaintiffs of their right to use the planes or that defendant appropriated the planes for his own use.  Because theft is a specific intent crime, plaintiffs must prove that defendant acted with actual knowledge.  *Healy v. Suntrust Serv. Corp.*, 596 So.2d 458, 460 (Fla. 5th D.C.A. 1990).

In the United States, the "American Rule" provides that, absent a contrary direction from Congress, the prevailing party in a litigation is not ordinarily entitled to recover attorneys fees from his opponent.  *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*. 421 U.S. 240, 247(1975). As such, both Congress and state legislatures sometimes provide for attorney's fees in particular circumstances.

State statutes that permit recovery for attorney's fees are substantive for diversity purposes and therefore state law applies. *McMahan v. Toto*, 256 F.3d 1120, 1132 (11th Cir. 2001). Since this statute does not comply with the common law, it must be strictly construed. *Ciaramello v. D'Ambra*, 613 So.2d 1324, 1325 (Fla. 2nd D.C.A. 1991). In this case, defendant seeks attorney's fees and costs as the prevailing party on three of the five counts raised in the complaint. Specifically, defendant prevailed on count IV, the Florida civil theft claim. Pursuant to this statute, "[t]he defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised the claim without substantial fact or legal support. In awarding attorney's fees and costs ..., the court may not consider the ability of the opposing party to pay such fees and costs." Fla. Stat. §772.11.

The Florida legislature permits recovery for a prevailing defendant's attorney's fees and costs to "discourage civil theft claims lacking either legal or factual substance by setting a less stringent standard for a fee award than the bad faith standard[.]" *Ciaramello v. D'Ambra*, at 1325. The mere fact that plaintiff ultimately prevailed under a different theory of recovery does not dissolve defendant's right to recover under the civil theft statute. *Friedman v. Lauderdale Medical Equipt. Serv., Inc.*, 591 So.2d 328, 329 (Fla. 4th D.C.A. 1992). Accordingly, a court need only find that there was no substantial factual or legal support for the civil theft claim, not that the claim was completely without legal or factual support. *Id.*

Like in *Almeida v. Amazon.com, Inc.*, this Court holds that plaintiffs' civil theft claim lacked substantial factual or legal support in that there was no evidence of defendant's felonious intent to use the planes without plaintiffs' permission. 456 F.3d 1316, 1328. As this Court previously explained when dismissing plaintiffs' civil theft count by relying on its analysis also

denying plaintiffs' count for conversion:

> [felonious intent] hinges on whether Defendant asserted wrongful control over Plaintiffs' aircraft. Although Defendant may have used the planes more than Plaintiff intended, that does not mean that he was unauthorized to use the aircraft. It is unfathomable that someone without any authorization could walk into a hangar and take an airplane for a joyride. In fact, Bunster's prior statement in his deposition shows that Defendant was authorized to fly the planes:
>
>> It was a very loose, loose relationship. I was going to be his partner. We had a good relationship. We were trying to buy an aircraft together. You know, it is assumed that when you're dealing with people like that, he's a man that presented me with a substantial net worth balance sheet, that I was dealing with a gentleman. You know, I wasn't watching what he was doing 100 percent of the time."

*Id*. at p. 126-27. Thus, Bunster's statement shows that he initially gave Defendant authorization based on trust that Defendant would use the aircraft conservatively. When Plaintiff[s] discovered that Defendant used the plane more than Plaintiff[s] wanted, he sent Defendant an e-mail on December 18, 2004 revoking his prior authorization. Simply because a party uses something in a way that owner does not like does not automatically create recovery under conversion. "[T]he essence of an action for conversion is not acquisition of the property by the wrongdoer, but rather the refusal to surrender the possession of the subject personality after demand for possession by one entitled thereto." *Joseph v. Chanin*, 940 So.2d 483, 487 (Fla. 4th DCA 2006); *Ernie Passeos, Inc. V. O'Halloran*, 855 So.2d. 106, 108-09 (Fla. 2nd DCA 2003). After Bunster terminated Defendant's authorization to fly via the December 18, 2006 e-mail, Defendant only used his plane one other time, after he had obtained specific authorization from Bunster. Thus, this Court finds that there is no material issue of fact and that Plaintiff[s] failed to prove conversion.

Conversely, this case is unlike *Denson v. Stack*, 997 F.2d 1356 (11th Cir. 1993) which reversed a district court's order granting a prevailing defendant's attorney's fees and costs. In that case, the defendant continued to hold plaintiffs property even after plaintiff sought return of the funds and notified defendant that the fund transfer was unauthorized. Here, defendant stopped using the planes immediately once defendant revoked his authorization to do so.

**Calculation of Fees**

To calculate attorney's fees, Florida courts apply the same "lodestar" formula as federal courts. *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985). The "lodestar," is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate. *See Hensley v. Eckerhart,* 461 U.S. 424*,* 433; *Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292, 1299 (11th Cir.1988). The burden of establishing the number of hours reasonably expended, lies with the plaintiff, and "where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433; *See also Norman*, 836 F.2d at 1303. Similarly, the plaintiff has the burden of establishing that the hourly rate requested is a reasonable one*. Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir.1994). The determination of reasonableness lies in the discretion of the trial court. *Norman,* 836 F.2d at 1301.

**Rates**

A reasonable hourly rate should be "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman,* 836 F.2d at 1299. Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence. *Id.* On the issue of a reasonable rate, the court is itself considered an expert and can make an informed judgment as to a proper award of fees even without outside testimony. *Id.* at 1303; *see also Loranger,* 10 F.3d at 781.

To determine the reasonableness of rates, this Court is guided in part by three articles regarding attorney rates. First, is the Florida Bar's 2004 Economics and Law Office

Management Survey. This survey indicates that less than 50% of attorneys in Florida charge of attorney's charge more than $200 per hour, and only 13% charge $300 or more per hour. *See* Fla. Bar News, Feb. 1, 2005 at 14.

Second, is a December 31, 2007 article appearing in the Daily Business Review titled "Still Expanding." That article reported survey results from "the nation's 250 largest law firms to provide a range of hourly billing rates for partners and associates." Three of the reporting firms are headquartered in Florida. Broad and Cassel of Orlando reported an average fee of $361 per hour for partners and $232 for associates. Carlton Fields, of Tampa, reported an average fee of $406 for partners and $243 for associates. Finally, Gray Robinson, of Orlando, reported an average fee of $319 for partners and $198 for associates.

Third, is a September 29, 2008 article appearing in the Daily Business Review titled "The Billing Fields." That article includes a chart listing the hourly billing rates from attorney fee petitioners filed in South Florida courts from June 2007 to August 2008. The article cautions that "[t]he rates do not necessarily indicate what attorneys were paid for their work. The figures show only what the lawyers and law firms sought in specific cases." The chart lists rates requested by various partners at various law firms located in Miami, Coral Gables, Fort Lauderdale, Boca Raton, Boynton Beach, Palm Beach, West Palm Beach, and North Palm Beach. The chart also lists the range of fees requested for associate services at those firms. In Palm Beach County, partner rates range from $325.00 to $475.00 and associate rates range from $200.00 to $295.00.

Based on this Court's prior order at **[DE 116]**, its own expertise in determining the reasonableness of attorney's fees, as well as the above articles, this Court concludes that Mr.

Bideau shall be awarded $300.00 per hour, Mr. Chane shall be awarded $200.00 per hour and Ms. Nugent shall be awarded $150.00 per hour. Paralegal work shall be billed at $90.00 per hour.

**Hours**

In determining the number of hours reasonably expended, courts look to the reasonable hours that should be expended on similar litigation. *See Perkins v. Mobile Housing Authority*, 847 F.2d 735, 738 (11th Cir. 1988)(hours reasonably expended is work that would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue). The district court should exclude from its initial fee calculation "hours that are excessive, redundant, or otherwise unnecessary." *Hensley,* 461 U.S. at 434. The party seeking the fees must keep "meticulous, contemporaneous time records that reveal for each lawyer whose fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Ramos v. Lamm*, 713 F. 2d 546, 553 (10th Cir. 1983). Additionally, when considering the detailed list of tasks, courts should also consider the "possibility that reported hours include duplication by reviewing with particular care the numbers of lawyers present and by evaluating the roles played by the lawyers in the litigation generally." *Id*. at 554.

Plaintiff presents the affidavit of Timothy W. Schultz attesting that he is familiar with counsel's practice, that the work performed was done efficiently, and the time spent was reasonable and not excessive.

Defendant seeks recovery for all attorney's fees accrued from July 6, 2005 until December 13, 2006. Defendant argues that every count in the complaint is inextricably intertwined with the civil theft count and that to parse out the fees incurred in defense of the civil

theft count is therefore impossible. This exact argument was rejected in *Action Sec. Serv., Inc. v. AOL, Inc.*, 2007 WL 191308 *2 (M.D. Fla. 2007). Accordingly, defendant is only entitled to those fees and costs expended on the civil theft claim. *See*, *Rogers v. Nacchio*, 2007 WL 1064314 *3 (S.D. Fla. 2007); *see also*, *Freidman v. Lauderdale Medical Equipt. Serv., Inc.*, 591, So.2d 328, 329 (Fla. 4th D.C.A. 1992).

Defendant bears the burden of providing sufficient evidence to justify a fee award. In addition to attorney billing entries, defendant should have explained which hours were expended on the civil theft claim. Since defendant failed to do so, this Court could refuse to permit the recovery of any fees. Nonetheless, this Court will permit defendant to recover some of the requested fees. The complaint raised five counts. Only one of those counts was for civil theft. As such, this Court will take the total amount of requested fees, divided by five.

Moreover, there are hours billed for which plaintiffs ought not pay. This includes defendant's requests for extensions of time and duplicate billing entries. In regards to the motions for extension of time, defendant's inability to timely file court documents, thereby necessitating motions for extension of time, constitutes defendants' poor planning and plaintiffs are not liable for those fees. Since many of the entries regarding work preformed to obtain an extension of time are grouped with other work, in those instances, this Court will deduct the larger of either the entire entry or .4 hours per entry. As such the reported hours will be reduced by .2 for Mr. Bideau, by 2.6 for Mr. Chane and by .30 for Ms. Nugent.

This Court agrees that some of the entries are not recoverable because they are excessive, redundant, or otherwise unnecessary. Based on the arguments made in plaintiffs' response to the motion for fees, this Court will not permit recovery for Mr. Bideau for his entry from March 17,

2006; this Court will not permit recovery for Mr. Chane's entry from March 14, 2006, and will deduct one hour each from Mr. Chane's entries from March 16, 2006 and March 17, 2006. As such the reported hours will be reduced by .3 for Mr. Bideau and by 2.6 for Mr. Chane.

After deducting the hours spent preparing motions for extensions of time, deducting those hours deemed excessive or repetitive and dividing the total number of each attorney's hours by five, Mr. Bideau worked 9 hours at $300.00 per hour totaling $2,700.00, Mr. Chane worked 39.66 hours at $200.00 per hour totaling $7,932.00 and Ms. Nugent worked 0.64 hours at $150.00 per hour totaling $96.00. Defendant is therefore entitled to $10,728.00.

**Paralegal Fees**

The Court recognizes that time spent by paralegals may be included as attorney hours. *See Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1258 (M.D. Ala. 2000) ("Reasonable attorney's fees include the compensation of paralegals and law clerks at the prevailing market rate"). However, the time spent by paralegals should only be included "to the extent that such work is 'traditionally done by an attorney.'" *Id.* (quoting source omitted). Otherwise, paralegal time should be considered an unrecoverable overhead expense. *See also Hyatt v. Barnhart*, 315 F.3d 239, 255 (4th Cir. 2002). Paralegal work that may be included as attorney time are tasks such as researching and drafting an outline of a brief, Shepardizing case law, digesting and indexing depositions, or interviewing clients. *See In re CF & I Fabricators of Utah, Inc.*, 131 B.R. 474, 490 (Bkrtcy. D. Utah 1991). In other words, the time should be "substantive or procedural legal work," rather than work that is secretarial or administrative in nature. *Id.* The *CF & I* court further stated:

> If the services provided by the paraprofessional represent a shift of tasks

> ordinarily performed by a lawyer or other professional, and the service is reasonable and necessary, the service is compensable. If clerical or secretarial services shift to the paraprofessional, the service is overhead and not a reasonable charge to the [client].  To determine which is which, the court can look at the kind of services that are traditionally charged to overhead, the amount of discretion allowed to the paraprofessional, the experience or education required to accomplish the assignment, the  responsibility delegated to the paraprofessional and the amount of supervision retained by the professional....

*Id.*

Based on the Court's review of defendant's request for paralegal fees, it appears that defendant has requested the type of fees that are not recoverable.  This is particularly troubling since this Court previously explained the type of recoverable paralegal fees at **[DE 116]** on January 22, 2007.  As such, this Court agrees with plaintiffs and will only award fees for Kelly Crafts's work preformed on May 18, 22, and 23, 2006.  This totals 8.4 hours of work, divided by five at $90 per hour.  As such, defendant is entitled to an additional $756.00 in fees.  Defendant's total is now $11,484.00.

**Costs**

Costs awarded pursuant to §722.11 are generally limited to those taxable under Federal Rule of Civil Procedure 54 and 28. U.S.C. §1920. *McMahan v. Barker*, 2008 WL 68959 * 9 n.13 (M.D. Fla. 2008).

Federal Rule of Civil Procedure 54(d) provides that a court has discretion to require the non-prevailing party to pay the prevailing party's costs incurred during the lawsuit.[1] *See also*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987).  Only certain costs can be recovered.  28 U.S.C. §1920.  Some of these costs include: costs of the clerk and marshal, costs

---

[1]Defendant incorrectly quoted the Rule.  Defendant stated that the Rule provides a court "shall" award costs to the prevailing party.  The Rule, however,  states that courts "should" allow the prevailing party to recover costs.  Thus, courts have discretion regarding whether to award costs to the prevailing party.

of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, costs and disbursements for witnesses, and costs for exemplification and copies of papers necessarily obtained for use in the case. 28 U.S.C. §1920.  Defendant must provide evidence to show that the costs it seeks are recoverable and were reasonably incurred.  *Aranda v. Jewish Cmty. Servs. of S. Fla., Inc.*, 2007 WL 707384 * 1 (S.D. Fla. 2007).

First, this Court previously explained that fees for computerized legal research and electronic document retrieval are not recoverable in **[DE 116]** on January 22, 2007.  Again, this Court is troubled that defendant filed a request for fees that this Court already explained were unrecoverable.

Second, defendant seeks recovery for copying costs.  Defendant may only recover photocopying costs if they were necessary for use in the litigation.  *McGregor v. Board of County Comm'rs for Palm Beach County*, 130 F.D. R. 464, 465 (S.D. Fla. 1990).  If the prevailing party could have reasonably believed that the copies were necessary, then recovery should be granted. *W & O Inc.*, 213 F.3d 600 at 623.  Copies could be necessary even if they are not used at trial, but copies made for the mere convenience of counsel may not be taxed against the non-prevailing party. *Goodwall Constr. Co. v. Beers*, 824 F.Supp.1044, 1065 (N.D. Ga. 1992).  The prevailing party has the burden to produce sufficient evidence to show that it believed the copies were reasonably necessary.  *George v. GTE Directories Corp.*, 114 F.Supp.2d 1281, 1299 (M.D. Fla. 2000).  Unsubstantiated statements that the copies were necessary does not satisfy the burden. *Cullens v. Ga. Dep't. of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994); *Scelta v. Delicatessen Support Servs. Inc.*, 203 F.Supp.2d 1328, 1340-41 (M.D. Fla. 2002).

Defendant failed to explain that any of these copies were necessary for the litigation.  As

such, the request to recover copy costs is denied.

Finally, expenses incurred for faxes, telephone calls and postage are recoverable in rare circumstances but defendant must allege that the expenses were reasonably incurred. *Gary Brown & Assoc., Inc. v. Ashdon, Inc.*, 268 Fed.Appx. 837, 845-46 (11th Cir. 2008)(denying recovery for such expenses); *Aranda v. Jewish Commt'y Servs. of S.Fla.*, 2007 WL 707384 * 2 (S.D. Fla. 2007)(permitting recovery in certain circumstances). Since defendant failed to state that the above expenses were reasonably incurred, this Court also denies recovery.

**Plaintiffs' Motion for Costs**

Plaintiffs also filed a motion for costs pursuant to Rule of Civil Procedure 54(d)(1). As stated above, 28 U.S.C. §1920 does permit the prevailing party to recover certain fees. It is the responsibility of the party seeking recovery of those costs to provide evidence showing that the costs it seeks are recoverable and were reasonably incurred. *Aranda v. Jewish Cmty. Servs. of S. Fla., Inc.*, 2007 WL 707384 * 1 (S.D. Fla. 2007).

Plaintiffs provided no evidence with the motion to support their claim that they were entitled to certain fees. Plaintiffs can especially understand the necessity to provide evidence to support claims for costs since plaintiffs relied on the evidence defendant submitted with his motion for costs to successfully argue that defendant is not entitled to all of the requested costs.

Plaintiffs attempted to support their claim by providing the necessary evidence in their reply. This constitutes new evidence, available when plaintiffs filed the principal motion, raised in the reply for the first time. Pursuant to this Court's discretion, the new evidence will not be considered. S.D. Fla. Local Rule 7.1(c)("reply memorandum shall be strictly limited to rebuttal of matters raised nit eh memorandum in opposition ..."). *Fisher v. Ciba Speciality Chemicals*

*Corp.*, 238 F.R.D. 273, 311 n. 82 (S.D. Ala. 2006). If this Court were to consider this evidence now, defendants would be prejudiced by not having an opportunity to determine the reasonableness of plaintiffs' costs in light of the records supporting plaintiffs' claims. Regrettably, since plaintiffs failed to provide any evidence to support their claim for costs, the motion is denied in its entirety.

Based on the forgoing, it is hereby,

ORDERED AND ADJUDGED that defendant's motion for attorney's fees and costs **[DE 92, 93]** is PARTIALLY GRANTED. Defendant is awarded $11,484.00 in fees. Defendant's request for costs is DENIED. Plaintiffs' motion for costs **[DE 122]** is DENIED.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 5 day of March, 2009.

       /s/ Kenneth L. Ryskamp
       KENNETH L. RYSKAMP
       UNITED STATES DISTRICT JUDGE

Copies provided:
All counsel of record