UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-80543-Civ-Ryskamp/Vitunac

TCC AIR SERVICES, INC.,
a Delaware corporation, and
BASIC SYSTEMS OF
DELAWARE, INC., a
Delaware corporation,

    Plaintiffs,

v.

RICHARD M. SCHLESINGER,

    Defendant.
_____/

FILED by _____ D.C.

AUG 2 6 2010

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court by Order of Reference from U.S. District Judge Kenneth L. Ryskamp to conduct proceedings supplementary and hold an evidentiary hearing (DE 178). Plaintiff TCC Air Services, Inc.'s Motion for Forfeiture of Property in Proceedings Supplementary (DE 197) is before the Court. The Court held an evidentiary hearing at which it ordered the interested parties to file written closing arguments. The parties did so (DE's 228, 229, 230 & 231), and the matter is ripe for review.

## BACKGROUND

Rolando Bunster, the principal of Plaintiff TCC Air Services, Inc., (Tr. p. 89), spoke with Defendant Richard Schlesinger about jointly purchasing a Lear Jet from Aero Toy Stores. Id. To demonstrate their interest in purchasing a Lear Jet (Tr. p. 90), each caused $50,000 to be deposited

1

into an escrow account. Schlesinger took a number of flights on aircraft owned by TCC and Aero Toy Store without paying for them. (DE 85). When Schlesinger and TCC's joint purchase fell apart, TCC sued Schlesinger. Two counts, each for unjust enrichment, proceeded to trial. (DE 85).

The bases for these counts were Schlesinger's use of TCC and Aero Toy Store's airplanes. TCC was successful as to each, and a final judgment in the amount of $161,920.48 was entered against Schlesinger. (DE111). TCC then initiated proceedings supplementary in this Court to recover the $50,000 Schlesinger caused to be deposited into the escrow account. (DE 175).

## PARTY CONTENTIONS

### Plaintiff TCC's Arguments

TCC contends it is entitled to the $50,000 held in escrow despite acknowledging (1) it carries the burden of proving that the money in the escrow account is the judgment debtor's, and (2) the evidence establishes that the escrow money came from the bank account of the LCS Income Trust, which is owned and controlled by Richard Schlesinger's wife and two sons. TCC makes two arguments. First, it argues that in the "big picture" Richard Schlesinger is the person who caused the money to be put into escrow, and the LCS Trust deposited the money into escrow on Richard Schlesinger's behalf. Second, TCC argues that the money was put in escrow to secure the use of the jet. Ultimately, TCC concludes that the Court "should find that the escrow deposit was placed by the LCS income Trust at the direction, control and for the benefit of, Defendant Richard Schlesinger." (DE 225 p. 9).

Richard Schlesinger and Non-Party Aero Zap Member's Arguments[1]

Schlesinger and Non-Party Aero Zap Member filed identical closing arguments. They contend that undisputed evidence provided by a representative from Wachovia Bank establishes that the LCS Income Trust deposited the $50,000 into the escrow. Thus, they conclude, as the money in the escrow is not the judgment debtor's, the escrow should not be released to TCC.

## DISCUSSION

The question this Court must answer is whether TCC is entitled to the $50,000 now held in escrow. Federal Rule of Civil Procedure 69 directs that the procedure on execution and in proceedings supplementary must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69(a)(1). Florida's statute on proceedings supplementary states,

> A judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.

Fla. Stat. § 56.29(5). The party seeking the property has the burden of demonstrating the property in question is the judgment debtor's. Id. Here, TCC presented no evidence that the money in the escrow account was Richard Schlesinger's. In fact, Wachovia bank records for the LCS Income Trust, Defense Exhibit 5, lead to a contrary conclusion: the money in the escrow came from the LCS Trust. A Wachovia bank representative testified to the validity of the records. (Tr. p. 126-27).

Notwithstanding the above, TCC relies on two arguments. First, TCC argues that the money in the escrow was placed in the escrow to cover the very dispute at issue. Second, TCC argues that the money was placed in the escrow on behalf of the Richard Schlesinger.

---

[1] Leslie Schlesinger attempted to file a closing argument as well (DE 228). The document filed, however, was for an unrelated case.

TCC's first argument would offer a neat symmetry if true; this conclusion, however, was foreclosed by the underlying dispute. The partial grant of summary judgment in the underlying dispute (DE 85) ruled out the possibility that a contract existed, written or oral, that would cover the expenses underlying the judgment.

TCC's second argument relies on the concept that the money was placed in the escrow on behalf of the Defendant. The record indicates that this is likely true, but this is not the standard. Indeed, the Court repeatedly asked TCC's counsel for a law or any case suggesting it could be. None exists, and the Court declines the opportunity to create some. The money must be the judgment debtor's, not merely have been placed at his disposal for TCC to be entitled to it under proceedings supplementary.

The law is clear, and the factual determinations necessary to reach a conclusion simple. Unfortunately, in this matter, animosity has blinded the parties to the legal issue. For example, take this exchange where Timothy Schulz, Leslie Schlesinger's attorney, questions Rolando Bunster.

> Bunster: Mr. Schlesinger informed me repeated times the money that he had sent, he had sent $50,000, it was always – what vehicle he used to send it I have no idea.
>
> Q: Okay, so you don't know who owned the $50,000?
>
> A: I knew he owned it, he had it sent, he ordered it sent, it was sent on his behalf, I mean usually I do transactions, I recognize my obligations, as long as I put my initial on something I am obligated.
>
> Q: Okay, but you don't have –
>
> A: Whether it be done through a corporation or – in this particular case I thought I was dealing with a gentleman.
>
> Q: Okay. So you don't think Mr. Schlesinger is a gentleman?
>
> A: Absolutely not.

4

> Q: Okay. So you are angry at Mr. Schlesinger?
>
> A: Not at all, I have total disdain for him, I am not angry with him.
>
> Q: But you don't have any documents to show that Mr. Schlesinger, he, himself, placed $50,000 of his own money –
>
> A: Mr. Schlesinger agreed with me to put money in escrow to purchase an aircraft between the two of us, how two gentlemen decided to structure it is our own business. Now, if he had his wife do it, if it quacks like a duck, it walks like a duck, it swims like a duck, it is a duck.
>
> Q: So you think that if it quacks like a duck and swims like a duck and walks like a duck it is Mr. Schlesinger's $50,000 personally?
>
> A: Absolutely.

(Tr. p. 107-108). This exchange illustrates what the evidentiary hearing does and does not establish. And the Court can be frank as to the following: (1) Schlesinger was going to use the airplane he contemplated purchasing with TCC, (2) the money was put in escrow for his benefit, and (3) Schlesinger did not pay for all the benefits he received. But, as damning as these conclusions may be on a moral plane, they are incidental to the determination the Court must make. The legal question, the only legal question, before the Court is whether the money in the escrow belongs to Richard Schlesinger. And on this question, TCC failed to present any evidence on which the Court can conclude it does. The testimony presented that Schlesinger flew his mistresses and friends on the plane in question is evidence corroborating Bunster's opinion that Schlesinger is not a gentleman, but sadly not evidence that the $50,000 in question belonged to Schlessinger.

Because TCC has presented no evidence that the property in question, the money in the escrow, is Richard Schlesinger's, and, accordingly has failed to meet its burden, TCC's motion for release of the escrow under proceedings supplementary should be DENIED.

## RECOMMENDATION

Upon consideration of the testimony produced during the evidentiary hearing, and the parties' written closing arguments, the Court respectfully RECOMMENDS that Plaintiff's Motion for Forfeiture of Property (DE 197) be DENIED.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable U.S. District Judge Kenneth L. Ryskamp, within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See U.S. v. Warren, 687 F.2d 347, 348 (11th Cir.1982), cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 26 day of August, 2010.

ANN E. VITUNAC
United States Magistrate Judge