UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No.: 05-CV-80543-RYSKAMP/VITUNAC

TCC AIR SERVICES, INC., a
Delaware corporation, and BASIC
SYSTEMS OF DELAWARE, INC.,
a Delaware corporation,

    Plaintiffs,
v.

RICHARD M. SCHLESINGER,

    Defendant.
                                            /

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court on the report and recommendation **[DE 236]** of United States Magistrate Judge Ann E. Vitunac filed on August 26, 2010. Pending before Judge Vitunac was plaintiff's motion for forfeiture of property in proceedings supplementary **[DE 197]**. After holding an evidentiary hearing and considering the parties' positions, Judge Vitunac recommended that the Court deny plaintiffs' motion. Plaintiffs TCC Air Services, Inc. and Basic Systems of Delaware, Inc. timely filed their objections **[DE 237]** to Judge Vitunac's report on September 13, 2010. This matter is ripe for adjudication.

Plaintiffs lodge two specific objections to Judge Vitunac's report. First, plaintiffs argue that Judge Vitunac erred by noting that this Court's order granting partial summary judgment in the underlying lawsuit ruled out the possibility that a contract existed as to the payment of these expenses by the debtor ("Mr. Schlesinger") to Aero Toy Stores.[1] In plaintiffs' view, the undersigned did not decide that Mr. Schlesinger did not have a contract with Aero Toy Stores

---
[1] Aero Toy Stores assigned its claim to the plaintiffs.

1

regarding these expenses, and therefore, the summary judgment order cannot foreclose plaintiffs' argument that the money was placed in escrow to cover a dispute over expenses between Aero Toy Stores and Mr. Schlesinger.  Plaintiffs argue that had Judge Vitunac found that the summary judgment order on the contract claim applied only to plaintiffs' breach of contract claim against Mr. Schlesinger, and not to Aero Toy Store's claim against Mr. Schlesinger, she would have ordered that the funds be released.

Second, plaintiffs argue that Judge Vitunac failed to look at the "big picture" when she dismissed the plaintiffs' argument that because the money was placed in escrow on behalf of the debtor, the funds are reachable in these proceedings supplementary.  In plaintiffs' view, Judge Vitunac sets the bar too high for reaching the funds because proceedings supplementary "are equitable proceedings intended to give the judgment creditor as much relief as possible."

The Court rejects both objections for the same reason: the law simply does not allow the Court to do what the plaintiffs seek.  As Judge Vitunac correctly noted, Federal Rule of Civil Procedure 69(a)(1) requires that the procedure on execution and in proceedings supplementary must accord with the procedure of the state where the court is located.  Under Florida law,

> A judge may order any property of the judgment debtor, not exempt from execution, in the hands of any person or due to the judgment debtor to be applied toward the satisfaction of the judgment debt.

Fla. Stat. § 56.29(5).  The text of the statute is clear: the property must belong to the judgment debtor.  The evidence shows that the money in the escrow account does not belong to the judgment debtor and plaintiffs fail to point to any rule, statute, or case which would suggest that money placed into escrow on a judgment debtor's behalf is available for the satisfaction of a judgment debt in proceedings supplementary.  This is fatal to plaintiffs' motion.

The Court has carefully considered the report, applicable law, and pertinent portions of the record. As required by law, the Court has conducted a *de novo* review of those portions of the report to which the plaintiffs have lodged specific objections. After conducting its *de novo* review, the Court finds the report to be well-reasoned and correct and the plaintiffs' objections to be meritless. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that

(1) The report of United States Magistrate Judge Ann E. Vitunac **[DE 236]** be, and the same hereby is **RATIFIED**, **AFFIRMED** and **APPROVED** in its entirety;

(2) Plaintiffs' objections **[DE 237]** are **OVERRULED**; and

(3) Plaintiffs' motion for forfeiture of property in proceedings supplementary **[DE 197]** is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 15 day of September, 2010.

/s/ Kenneth L. Ryskamp
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE